UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

| | | | |
|---|---|---|---|
| **Case No.** | CV 19-2900 MWF (MRWx) | **Date:** | September 28, 2022 |
| **Title:** | United States of America, et al. v. Pacific Toxicology Laboratories, et al. | | |

**Present:** The Honorable MICHAEL W. FITZGERALD, U.S. District Judge

| Deputy Clerk: | Court Reporter: |
|---|---|
| Rita Sanchez | Not Reported |

| Attorneys Present for Plaintiff: | Attorneys Present for Defendant: |
|---|---|
| None Present | None Present |

**Proceedings:** (In Chambers) ORDER DENYING DEFENDANT PACIFIC TOXICOLOGY LABORATORIES' MOTION TO DISMISS AMENDED COMPLAINT [72]

  Before the Court is Defendant Pacific Toxicology Laboratories' ("PTL") Motion to Dismiss Amended Complaint (the "Motion"), and Defendant PTL's Request for Judicial Notice in Support of Motion to Dismiss Plaintiff's First Amended Complaint, filed February 7, 2022. (Docket Nos. 72 and 73). The Court has also reviewed Relator Yvonne Huemoeller's ("Relator" or "Huemoeller") Opposition to Defendant's Motion to Dismiss Amended Complaint (the "Opposition"), filed February 28, 2022 (Docket No. 75); Defendant PTL's Reply in Support of Motion to Dismiss Amended Complaint (the "Reply"), filed March 7, 2022 (Docket No. 76); and Relator's Supplemental Authority in Support of Relator's Opposition, filed March 25, 2022 (Docket No. 78).

  The Motion was noticed to be heard on **March 21**, **2022**. The Court read and considered the papers on the Motion and deemed the matter appropriate for decision without oral argument. *See* Fed. R. Civ. P. 78(b); Local Rule 7-15. The hearing was therefore **VACATED** and removed from the Court's calendar. Vacating the hearing was also consistent with General Order 21-08 and Order of the Chief Judge 21-124 arising from the COVID-19 pandemic.

  The Motion is **DENIED**, based on this Court's previously expressed views in *Stahl II*.

---

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

**Case No.** CV 19-2900 MWF (MRWx)          **Date:** September 28, 2022

**Title:** United States of America, et al. v. Pacific Toxicology Laboratories, et al.

       The crux of this Motion is the proper application of Federal Rule of Civil Procedure 9(b). Rule 9(b) provides that parties alleging fraud "must state with particularity the circumstances constituting fraud or mistake." To comply with the strictures of Rule 9(b), the plaintiff must allege "the who, what, when, where, and how of the misconduct charged," and explain "what is false or misleading about a statement, and why it is false." *Ebeid ex rel. United States v. Lungwitz*, 616 F.3d 993, 998 (9th Cir. 2010) (quoting *Vess v. Ciba-Geigy Corp.*, 317 F.3d 1097, 1106 (9th Cir. 2003)). In actions brought pursuant to the False Claims Act, "it is sufficient to allege particular details of a scheme to submit false claims paired with reliable indicia that lead to a strong inference that claims were actually submitted." *Id.* at 998–99 (internal quotation marks omitted).

       The Court has previously described a similar action as an argument about the following:

> "the degree to which the gatekeeping function under Rule 9(b) should cutoff viable claims that arguably need a smidgen of discovery. It is true that one purpose of Rule 9(b) is to prevent fishing expeditions. But at some point . . . the gatekeeping function ceases and gamesmanship begins. . . . To use Rule 9(b) as a veil over arguably improper [conduct] would be unjust."

*U.S. ex rel. Stahl v. Orthopedic All., LLC*, CV 16-3966 MWF (SKx), 2020 U.S. Dist. LEXIS 248486, *28–29 (C.D. Cal. Nov. 19, 2020) ("*Stahl II*")

       This case is not necessarily as clear cut as *Stahl II*. As Defendant points out, *Stahl II* contained allegations of specific payments and non-monetary benefits to specific doctors during specific time periods. (Reply at 3). Still, Relator's First Amended Complaint ("FAC") provides sufficiently particular details of Defendant's schemes that lead to a strong inference that claims were actually submitted. For instance, Relator supports her allegations that renumeration was exchanged for referrals by showing that PTL offered particular medical practices the ability to bill commercial insurers for unperformed tests. (*See* FAC ¶¶ 2, 130–33, Exs. E, F, I).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

**Case No.** CV 19-2900 MWF (MRWx)        **Date:** September 28, 2022
**Title:** United States of America, et al. v. Pacific Toxicology Laboratories, et al.

Relator provides signed service agreements and communications to support her allegation that PTL was supplying POCT cups for free to particular referring providers. (*See id.* ¶¶ 179-181, Exs. E, G, H, O). Relator provides instructional documents, agreements, and a specific entity name, year, and amount to support her allegations that specimen collectors and debt forgiveness were used as renumeration for referrals of government-paid businesses. (*Id.* ¶¶ 5, 117, 151, 185, 188–90, 191–94, Exs. F, G). Relator provides exemplar claims to support her allegations that false claims were submitted to the government. (*Id.*, Exs. J, K). Given that Relator was a sales representative without access to medical or lab records, these and related allegations are sufficiently specific to meet the requirements of Rule 9(b). *Cf. U.S. ex rel. Vatan v. QTC Med. Servs., Inc.*, 721 F. App'x 662, 663-64 (9th Cir. 2018) (requirements of Rule 9(b) are relaxed as to matters within defendant's exclusive possession and control).

    Relator provides enough detail to give Defendant notice of the particular misconduct which is alleged to constitute the fraud charged so that Defendant can defend against the charges. *See Ebeid*, 616 F.3d at 999. Dismissal of the action would not be an appropriate use of the Court's gatekeeping authority under Rule 9(b).

    The Court similarly determines that Relator meets the more permissive pleading obligations under Federal Rule of Civil Procedure 8(a) by plausibly alleging a kickback scheme to defraud Medicare, Medi-Cal, and commercial vendors. *See Ashcroft v. Iqbal*, 556 U.S. 662, 679; *Cafasso, U.S. ex rel. v. Gen. Dynamics C4 Sys., Inc.*, 637 F.3d 1047, 1054 (9th Cir. 2011).

    Finally, the Court concludes it is inappropriate to dismiss Relator's claims as untimely at this stage because Relator alleges that Defendant's actions are recurrent and ongoing and therefore subject to the continuous accrual doctrine. (*See* FAC ¶¶ 21–22, 123–25); *see also Almont Ambulatory Surgery Ctr., LLC v. UnitedHealth Grp., Inc.* (*Almont II*), No. CV 14-03053-MWF (VBKx), 2015 WL 12778355, at *9 (C.D. Cal. Oct. 23, 2015); *Supermail Cargo, Inc. v. United States*, 68 F.3d 1204, 1206 (9th Cir. 1995) (equitable tolling not usually amenable to resolution on a Rule 12 motion).

    Accordingly, the Motion is **DENIED**.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

**Case No.** CV 19-2900 MWF (MRWx)        **Date:** September 28, 2022
Title:     United States of America, et al. v. Pacific Toxicology Laboratories, et al.

IT IS SO ORDERED.